UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-62247-RAR

**GUSTAVO VIQUEZ**,

    Plaintiff,

v.

**JP MORGAN CHASE & CO.**
*D/B/A CHASE BANK*,

    Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

**THIS CAUSE** comes before the Court on Defendant's Motion to Dismiss ("Motion"), [ECF No. 5]. The Court conducted a Zoom hearing to discuss the Motion on January 20, 2023 ("Hearing"). *See* Paperless Minute Entry, [ECF No. 16]. The Court having heard argument from both parties and carefully reviewed Plaintiff's Complaint ("Compl."), [ECF No. 1], Defendant's Motion, Plaintiff's Response, [ECF No. 8], and Defendant's Reply, [ECF No. 9], and being otherwise fully advised, it is

**ORDERED AND ADJUDGED** that Defendant's Motion, [ECF No. 5], is **GRANTED** for the reasons stated on the record, as follows:

    1.    Count I of Plaintiff's Complaint is **DISMISSED** *without prejudice* **with leave to amend.** Plaintiff is presently pursuing a theory of civil theft pursuant to section 772.11 of the Florida Statutes. As acknowledged during the Hearing, the Complaint lacks any allegation of "felonious intent"—or any facts supporting such an allegation—as required to properly establish a claim for civil theft. *See Epoch Int'l Partners, LLP v. Bigfoot Inc.*, 587 F. Supp. 3d 1214, 1220–21 (S.D. Fla. 2022) ("Under Florida law, a defendant commits civil theft when it (1) knowingly (2) obtained or used, or endeavored to obtain or use, [a plaintiff's] property with (3) felonious

intent…."); *Larkon Grp. Servs., LLC v. Boardwalk Recency Corp.*, No. 13-CV-80149, 2013 WL 12085083, at *3 (S.D. Fla. Aug 21, 2013).  Further, the additional facts beyond the pleadings Plaintiff provided during the Hearing do not convince the Court that Plaintiff has a cognizable civil theft claim, due to a lack of felonious intent.  Nevertheless, Plaintiff is afforded one opportunity to amend Count I to either sufficiently allege a civil theft claim, or as discussed during the Hearing, advance another theory of liability more appropriate on these facts.[1]

2.      Count II of Plaintiff's Complaint is **DISMISSED** *with prejudice.*  In Count II, Plaintiff asserts a claim for punitive damages.  However, punitive damages are not a cause of action, but rather a remedy.  *Thompkins v. Lil' Joe Recs., Inc.*, 476 F.3d 1294, 1303 (11th Cir. 2007) (stating that a claim for punitive damages is a remedy to which Plaintiff can only be entitled if Plaintiff prevails rather than a cause of action in and of itself); *see also Mohit v. West*, No. 8:20-CV-813-VMC-SPF, 2021 WL 2954654, at *6 (M.D. Fla. June 10, 2021) ("Count XII [for punitive damages] is merely a request for a particular type of relief masquerading as a count, therefore it is due to be dismissed."); *Arrington v. Walgreen Co.*, No. 609CV1300ORL31KRS, 2010 WL 11507708, at *1 (M.D. Fla. May 24, 2010) ("punitive damages is a remedy, not a cause of action").

3.      Plaintiff shall file an Amended Complaint in accordance with this Order on or before **February 8, 2023**.

**DONE AND ORDERED** in Miami, Florida, this 20th day of January, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

---

[1] The additional facts disclosed during the Hearing suggest to the Court that once Plaintiff amends his Complaint, the Court may lack subject-matter jurisdiction because the actual amount in controversy may not exceed $75,000.  Upon the filing of Plaintiff's Amended Complaint, the Court and the parties will consider whether this Court retains subject-matter jurisdiction over the new claims.